## Hazard-Hyden Bus Co. v. Black et al.

Feb. 23, 1943.

R. W. Keenon for appellant.

A. T. W. Manning for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Franklin circuit court setting aside an order of the Division of

Motor Transportation granting to Hazard-Hyden Bus Company a certificate to operate a motor bus line from Hyden, Kentucky, to Harlan, Kentucky, over highway 257. The judgment recited that through some error, mistake, or misunderstanding at the time of the hearing before the commission on February 3, 1942, the applicants, other than Hazard-Hyden Bus Company, did not have a full hearing on their applications, and the matter was referred back to the Division of Motor Transportation for a full and complete hearing. The Hazard-Hyden Bus Company has appealed pursuant to KRS 281.420.

During 1937 eight applications for certificates to operate bus lines over highway 257 from Hyden to Harlan were filed with the Division of Motor Transportation. One of the applications was filed by Hazard-Hyden Bus Company. In August, 1941, it filed an application for a certificate to operate a bus line from Hyden to Hoskinston, which is located on highway 257 ten miles south of Hyden and between Hyden and Harlan. The distance between Hyden and Harlan is approximately thirty miles. No one pressed for a hearing on the applications and none was held until February 3, 1942, apparently for the reason that portions of highway 257 between Hyden and Harlan were under construction and travel by bus was not practicable. On August 7, 1942, the Director of Motor Transportation rendered a decision granting to Hazard-Hyden Bus Company a common carrier bus certificate to operate a motor bus line from Hyden to Harlan, Kentucky, over highway 257. On the same day O. H. Black, doing business as Black Bus Lines, Cumberland Coach Company, and J. Ray Rice, doing business as the J. Ray Rice Realty Company, three of the applicants whose applications for a certificate were denied, filed motions to set aside the order awarding a certificate to Hazard-Hyden Bus Company and to grant them a legal hearing on their applications. The motions were supported by numerous affidavits stating, in substance, that at the beginning of the hearing held on February 3, 1942, the Director of Motor Transportation announced the hearing would be confined to the granting of a certificate to operate a bus line over highway 257 between Hyden and Hoskinston, and that the evidence introduced would in no way affect the granting of a certificate to operate a bus line from Hyden to Harlan and that a hearing for that purpose would be held after the completion of the highway. The applicants

stated in their motions that they were not interested in a certificate to operate a bus line from Hyden to Hoskinston, and, after the director's announcement and because thereof, they failed to introduce evidence in support of their respective claims which would have been introduced if the granting of a certificate to operate a bus line between Hyden and Harlan had been under consideration, and, further, that by reason of the director's announcement they failed to cause a stenographic report of the proceedings to be made. On August 26, 1942, the Director of Motor Transportation entered an order in which he stated that on February 3, 1942, at the hearing held on the applications, it was announced that from the information available the Director of the Division of Motor Transportation was of the opinion that only a portion of the highway involved was in condition for travel and only that portion of the highway would be considered at that time, and that operating rights granted would be limited to that portion of the highway which was available and suitable for bus service and that when the entire route was available for travel the question of a permanent certificate would be heard and considered. The director overruled the motion to set aside the order of August 7, 1942, granting a certificate to the Hazard-Hyden Bus Company on the ground that the Division of Motor Transportation lost jurisdiction of the matter when the order of August 7 was signed. The movants appealed to the Franklin circuit court which entered the judgment from which this appeal is prosecuted.

KRS 281.410 provides that an appeal may be taken to the Franklin circuit court from the action of the Division of Motor Transportation within twenty days after the rendition of the order of the division. Certainly, during this time or until an appeal has been taken, the Division of Motor Transportation has jurisdiction to correct any error or mistake on its part or for cause shown to set aside the order. The facts disclosed by the record show that the appellees did not have a full and complete hearing before the Division of Motor Transportation, and the circuit court correctly referred the case back to the division.

The judgment is affirmed.